# United States District Court

### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**BRANDIN LEE LETTS**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:08-CR-252

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
   - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
   - [ ] an offense for which the maximum sentence is life imprisonment or death.
   - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
   - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
   - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
   - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 24-year-old resident of Lansing. He claims self-employment as a construction worker for family and friends. Defendant has been a marijuana user for the past dozen years and experimented with ecstacy six months ago. MDOC records reflect Mr. Letts was a member of the Gangster Disciples from 1994 to 2000, although defendant reports he renounced his membership with the Folk Nation while serving a previous sentence.

Defendant has been unable to function when placed on court-ordered supervision. (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant in light of his history of misbehavior while on various court-ordered supervision, which resulted in absconder notices and bench warrants being issued. Moreover, to grant defendant's request that he be allowed to be placed on bond and live with his mother would simply place him back in the environment where he was in 2006 when he repeatedly violated his (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 10, 2008

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **BRANDIN LEE LETTS**
1:08-CR-252
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

Following a conviction in 2002 for attempted home invasion, and serving a short jail term, defendant was placed on probation. While on probation he committed another home invasion offense and aggravated assault. This second conviction resulted in a prison term. Defendant was paroled in January 2006 and while attending a residential treatment program, left the facility without permission. He failed to report to his probation office and a warrant for his arrest was issued. He was arrested a couple of months later and eventually was referred to a residential treatment facility, which he again promptly left without permission, again failed to report to his probation officer, and changed residences. These violations resulted in various absconder status reports. Following the second home invasion, defendant was also placed on bond and a bench warrant was subsequently issued for his arrest.

During the time defendant was on parole, which was most of 2006, he lived with his mother and repeatedly tested positive for marijuana and cocaine usage (in February, March, April, October and December). He also had blood alcohol levels during this period ranging from .107 to .23, in violation of his parole.

There is also a warrant outstanding against the defendant in Sarasota County, FL, following a revocation of defendant's pretrial release in August of this year in that state.

**Part II - Written Statement of Reasons for Detention** - (continued)

parole by the constant use of drugs. Defendant's record also makes it evident he would be extremely difficult to manage while on court-ordered release.